

**SIGNED this 20 day of December, 2010.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 09-40808- JTL |
| Dixie D. Stephens | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |

**Memorandum Opinion**

This matter comes before the Court on three Objections to Claim filed by the Debtor on September 2, 2010. The Court heard oral arguments on the objections on December 8, 2010. At the conclusion of the hearing, the Court took the matter under advisement. In accordance with the reasons set forth in this Memorandum, the Court will sustain all three of the Debtor's Objections to Claim.

## Background

The proofs of claim at issue were all filed by the same creditor, Capital Recovery III, LLC, as the putative assignee of three debts. Capital Recovery III, LLC, is the fourth assignee for each of the debts. Each claim, as initially filed, attached as its proof only the account number, the account type, the account balance, and the following paragraph:

> Pursuant to paragraph 9 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching account documents, a summary of the account, compiled from the information contained in the account databases of Capital Recovery III LLC and their agents, if any, is provided. … This debt arises from the use of a credit / charge account or other money loaned, the supporting documents for which were provided by [the original creditor] to the debtor pre-petition. … Some documents may no longer be available.

The Debtor's three objections were identical in substance: each objection stated that the proof of claim did "not attach a copy of the assignment by the prior owner of the claim to [Capital Recovery III, LLC], and the supporting documentation filed with the proof of claim is to the effect that a copy of the assignment may not be obtainable."

In its response to the objections, Capital Recovery III, LLC, twice amended its proofs of claim. The first amendment to each of the claims was an "Affidavit of Sale" from an authorized representative of Sherman Acquisition, LLC, (second assignee in the chain of assignment for each of the original debts) testifying that, based upon a review of the company's books and records, Sherman Acquisition, LLC, assigned to Capital Recovery, LLC, an account identified by account holder (the Debtor) account number, and account balance. The second amendments added to each of these links in the chains of assignment (second assignee to third assignee) by attaching a document titled "EXHIBIT 2," which is identical for each claim—a Bill of Sale and Assignment. The document states that Sherman Acquisition, LLC, assigned to Capital Recovery, LLC,

"certain charged-off receivables" described "in the attached Appendix A." No Appendix A is attached to any claim.

The second amendments also attach affidavits of the authorized representatives of the original creditors for each debt. For two of the claims, the original creditor was GE Money Bank. Each affidavit in those claims state that the affiant reviewed the records of GE Money Bank and is personally familiar with the account made by the Debtor and made payable to GE Money Bank, and that the account was assigned to Sherman Financial Group, LLC. The affidavits also identify the account number and account balance. The original creditor for the remaining claim was Citicorp Credit Services, Inc. The affidavit of the representative for that company is similar to the other two affidavits. The affidavit identifies the account holder (the Debtor), the account number, and the account balance, and it states that the account was assigned to Sherman Originator, LLC. This affidavit indicates that the information given was based upon a review of business records and not based upon personal knowledge.

There was no evidence in the proofs of claim showing that Sherman Acquisitions, LLC (second assignee of each debt) was assigned the debt, nor was there any evidence showing that Capital Recovery III, LLC, (the claimant) was assigned the debt.

## Conclusions of Law

"The 'basic federal rule' in bankruptcy is that state law governs the substance of claims." Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20 (2000) (quoting Butner v. U.S., 440 U.S. 48, 57 (1979)). Thus, "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Id. (citing Butner, 440

U.S. at 55; Vanston Bondholders Protective Comm. V. Green, 329 U.S. 156, 161-62 (1946)).  Whether a contract creditor or assignee, therefore, has the right to enforce a claim against a debtor in bankruptcy depends on the underlying state law governing the contract.

Under Georgia law, an assignee to a contract must establish that there are no breaks in the chain of assignment to demonstrate it is the real party in interest to bring a lawsuit. See, e.g., Green v. Cavalry Portfolio Servs. LLC, 305 Ga. App. 843, 843, 700 S.E.2d 741, 742 (2010) ("Because nothing in the record shows an assignment of the contract rights from Union Acceptance Corporation to Union Acceptance Company, LLC, there is a break in the chain of written assignments necessary to establish that CPS was the real party in interest to bring the suit on the contract.") (citing Wirth v. Cach, LLC, 300 Ga. App. 488, 685 S.E.2d 433 (2009)).  This alone would be sufficient to sustain the Debtor's objections in this case, as there is no evidence whatsoever showing any link between the first and second assignees and between the third assignee and Capital Recovery, LLC.  However, the under Georgia law, Capital Recovery III, LLC, failed to properly establish *any* assignments.

In Nyankojo v. North Star Capital Acquisition, 298 Ga. App. 6, 679 S.E.2d 57 (2009), the Court of Appeals of Georgia, under a similar fact pattern, held that the creditor had not sufficiently established the chain of assignment of a revolving charge agreement.  North Star Capital Acquisition ("North Star") was assigned an account from Wells Fargo Financial, who had purchased a delinquent account from the original creditor, Leather World. Id. at 6, 679 S.E.2d at 58.  North Star introduced into evidence a copy of the first assignment of the revolving charge agreement.  The assignment

identified only Leather World—it did not identify the assignee (Wells Fargo Financial), nor did it identify the revolving charge agreement. Id. at 8, 679 S.E.2d at 59. As to this piece of evidence, the court stated that because an assignment must identify both the assignor and the assignee, id. (citing Southern Mut. Life Ins. Assn. v. Durdin, 132 Ga. 495, 64 S.E. 264 (1909); Scott v. Cushman & Wakefield of Ga., 249 Ga. App. 264, 547 S.E.2d 794 (2001)), the copy of the assignment showed "only that Leather World assigned an unidentified revolving charge agreement to an unidentified party." Id.

North Star also introduced into evidence a preprinted form containing only computer-generated information. This form came from North Star, and it was captioned "Charge-Off Statement." It identified the Debtor and listed the account balance and the account number. Id. at 8-9, 679 S.E.2d at 59. The court concluded this was a business record and held that it constituted inadmissible hearsay because no foundation was laid for its admission. Id. at 9, 679 S.E.2d at 59 (citing Span v. Phar-Mor, Inc., 251 Ga. App. 320, 322, 554 S.E.2d 309, 311 (2001)).

Finally, North Star introduced into evidence affidavits from an authorized representative. In the first affidavit, the representative testified in relevant part that North Star bought a portfolio of delinquent accounts consisting of revolving credit accounts from Wells Fargo Financial pursuant to a Bill of Sale, which was attached as Exhibit 1; the representative further testified that an excerpt of electronic account data (that Wells Fargo delivered to North Star), attached as Exhibit 2, identified the account holder (the Debtor) and the account number. Exhibit 1, the Bill of Sale, stated that Wells Fargo agreed to assign North Star certain delinquent accounts listed in documents labeled Schedule A and Schedule B. Exhibit 2 comprised Schedules A and B. Schedule A listed

the typewritten name, address, and social security number of the Debtor, and it also listed the account balance. Schedule B merely contained the same information formatted differently. Contrary to the affidavit's testimony, Exhibit 2 did not include the Debtor's account number. Id., 679 S.E.2d at 60.

The second affidavit stated in relevant part that Wells Fargo assigned to North Star the Debtor's account, which was identified by the Debtor's name and account number; it also stated that the authorized representative examined North Star's books and records, and that the records (which were the Bill of Sale and Schedules A and B), showed that the Debtor was issued the account from Leather World and that the Debtor was currently in default on the account. Id. at 9-10, 679 S.E.2d at 60.

The court concluded,

> "We have held that testimony regarding the contents of business records, unsupported by the records themselves, by one without personal knowledge of the facts constitutes inadmissible hearsay." Paris's affidavits in conjunction with the attached business records were sufficient to show only that North Star purchased a portfolio of Wells Fargo's delinquent accounts receivable, and that the portfolio included an account on which Nyankojo owed $1,132.62. The attached business records do not, however, reflect that the Nyankojo account that Wells Fargo assigned to North Star was account 48400529 on which he owed money to Leather World. And from Davis's affidavits, it appears that his knowledge of these facts was based on his review of the records and not his personal knowledge.
> …
> … The elements of North Star's claim thus consisted of Nyankojo's account debt to Leather World, Leather World's assignment of the account to Wells Fargo, and Wells Fargo's account assignment to North Star. Through competent and admissible evidence, North Star showed nothing more than that, under a revolving charge agreement, Nyankojo was indebted in the amount of $2,621.83 on an account to Leather World identified by number; that Leather World assigned an unidentified revolving charge agreement to an unidentified entity; and that Wells Fargo assigned to North Star an unidentified account on which Nyankojo owed $1,132.62. This evidence, even together with the reasonable inferences

>from it, was insufficient to establish all essential elements of North Star's case.

Id. at 10, 679 S.E.2d at 60-61 (footnote omitted) (quoting Ingles Markets v. Martin, 236 Ga. App. 810, 812, 513 S.E.2d 536, 538 (1999)); see also Wirth v. Cach, LLC, 300 Ga. App. 488, 685 S.E.2d 433 (2009) (similar case holding for Debtor after court concluded chain of assignment had not been established).

As the above case illustrates, there are strict criteria for a valid assignment—and thus for a valid proof of claim. There must be a written agreement identifying both the assignor and assignee. There must also be documents or testimony identifying the account holder, account number, and account balance. If documents are used for this information, a proper foundation must be laid under the Business Records Act. See O.C.G.A. § 24-3-14. If testimony is used for this information, and the testimony is unsupported by any business records, that testimony must be based on personal knowledge. This list is not meant to be exhaustive but rather illustrative of the type of information to include to avoid obvious pitfalls.

In this case, Capital Recovery III, LLC, failed to establish any links in the chain of assignment. In two of the proofs of claim, it put forth evidence attempting to show a valid assignment from GE Money Bank (original creditor) to Sherman Financial Group, LLC, using an identical method for each claim: an Affidavit of Sale by an authorized representative of GE Money Bank stating that, based upon the representative's review of books and records, GE Money Bank assigned to Sherman Financial Group, LLC, an account identified by the account holder's name, the account number, and the account balance. This is insufficient to show a valid assignment because there is no written contract identifying the assignor and assignee (this alone is enough for a finding of

insufficiency) and because there are no business documents supporting the affiant's testimony, and the affiant admits that the information testified to is based on a review of the company's records rather than personal knowledge. The original creditor in the remaining claim is Citicorp Credit Services, Inc. Capital Recovery III, LLC, used the same tactic to prove an assignment from Citicorp to Sherman Originator's, LLC—an affidavit from an authorized representative of Citicorp attesting to the assignment of an account identified by the account holder's name, account number, and account balance. This is insufficient for the same reasons as above.

Capital Recovery III, LLC, also attempted to establish a valid assignment between the second assignee and third assignee for each debt (Sherman Acquisition, LLC, and Capital Recovery, LLC, respectively, for each debt) using the same two pieces of evidence for each one: (1) an Affidavit of Sale from an authorized representative of Sherman Acquisition, LLC, testifying that, based upon a review of the books and records, Sherman Acquisition, LLC, assigned to Capital Recovery, LLC, an account identified the account holder's name, account number, and account balance; and (2) a Bill of Sale and Assignment identifying the assignor and assignee, with the assignor assigning "certain charged-off receivables" identified "in the attached Appendix A." As noted above, there is no Appendix A attached, and thus no accounts identified. This evidence is deficient because the affiant's testimony is not based on personal knowledge and because the only business record introduced is a contract assigning unidentified accounts—there are no documents identifying the account holder, the account number, and the account balance.

In sum, each proof of claim was invalid on its face because there were alleged assignments supported by no evidence, and the assignments the claims purported to establish were all deficient.

## Conclusion

The Court will sustain the Debtor's Objections to Claim. An order in accordance with this memorandum opinion will be entered.